UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Diomed, Inc.,                                                        Civil Action No. 04-10444 RGS

          Plaintiff,

v.                                                                   **ANSWER, COUNTERCLAIM
                                                                     AND JURY DEMAND**

Vascular Solutions, Inc.,

          Defendant.

## ANSWER

Defendant Vascular Solutions, Inc. ("VSI") admits, denies, and alleges as follows in response to the Complaint of Plaintiff Diomed, Inc. ("Diomed"):

1. VSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraph 1.

2. VSI admits the allegations of Paragraph 2.

3-13. VSI lacks knowledge or information sufficient to form a belief as to the truth of the allegations of Paragraphs 3-13, which relate to Diomed's alleged activities and the significance of those activities.

14. For its response to the allegations of Paragraph 14, VSI admits that it competes with Diomed, but denies that it infringes Diomed's '777 Patent.

15. VSI admits the allegations of Paragraph 15.

16. VSI admits the allegations of Paragraph 16.

17. VSI admits that this Court has personal jurisdiction over VSI and that VSI does business in this District, but denies the remaining allegations of Paragraph 17.

18. VSI admits the allegations of Paragraph 18.

19. VSI incorporates its answers to Paragraphs 1-18 as if fully set forth herein.

20. For its response to the allegations of Paragraph 20, VSI admits that a copy of the '777 Patent is attached as Exhibit A, and states that it lacks knowledge and information sufficient to form a belief as to the truth of the remaining allegations of Paragraph 20.

21. VSI admits the allegations of Paragraph 21.

22. VSI admits the allegations of Paragraph 22.

23. VSI denies the allegations of Paragraph 23.

24. VSI denies the allegations of Paragraph 24.

25. VSI denies the allegations of Paragraph 25.

26. VSI denies the allegations of Paragraph 26.

27. VSI denies the allegations of Paragraph 27.

28. VSI denies each and every allegation of Diomed's Complaint not otherwise admitted or qualified herein.

## AFFIRMATIVE DEFENSES

29. According to the records of the United States Patent Office, Endolaser, LLC and Dr. Robert Min are the owners of the '777 Patent.  Endolaser should be added as a necessary party under Fed. R. Civ. P. 19.

30. One or more of the claims of Diomed's '777 Patent is invalid under the provisions of 35 U.S.C. § 101 et seq. of the patent laws of the United States.

## COUNTERCLAIM

1. Counterclaim Plaintiff VSI is a Minnesota corporation with its principal place of business at 6464 Sycamore Court, Minneapolis, Minnesota.

2. On information and belief, Counterclaim Defendant Diomed is a Delaware corporation with its principal place of business at One Dundee Park, Suite 5/6, Andover, Massachusetts 01810.

3. This Court has jurisdiction over this Counterclaim pursuant to 28 U.S.C. §§ 2201, 1331, and 1338(a).

4. Diomed alleges that it is the owner of all right, title and interest in U.S. Patent No. 6,398,777 that formerly belonged to Dr. Robert Min. Diomed further alleges that the '777 Patent's other owner, Endolaser, LLC, has granted Diomed an exclusive license to its interest in the '777 Patent, including the right to sue for infringement.

5. Diomed's Complaint alleges that VSI is infringing the '777 Patent through sales of its Vari-Lase kit and other activities, as set forth in Diomed's Complaint in Paragraphs 21-24.

6. There is an actual, justiciable controversy over whether VSI is infringing the '777 Patent and whether the claims of the '777 Patent are invalid.

7. VSI has not infringed the '777 Patent.

8. One or more of the claims of the '777 Patent is invalid under the provisions of 35 U.S.C. § 101 et seq.

## JURY DEMAND

VSI demands a jury trial on all claims asserted herein.

Wherefore, VSI respectfully requests that the Court grant the following relief:

1. A judgment dismissing Diomed's Complaint with prejudice;

2. A judgment declaring that VSI has not infringed the '777 Patent;

3. A judgment declaring that the '777 Patent is invalid;

4. A judgment awarding VSI its costs and reasonable attorneys' fees as provided by law; and

5. For such other and further relief as this Court may find just and proper.

Respectfully Submitted,

VASCULAR SOLUTIONS, INC.

By its Attorneys,

_____
Steven L. Feldman (BBO #162290)
slf@riw.com
John R. Bauer (BBO #630742)
jrb@riw.com
Ruberto, Israel & Weiner, P.C.
100 North Washington Street
Boston, MA 02114
(617) 742-4200

J. Thomas Vitt
vitt.thomas@dorsey.com
Dorsey & Whitney LLP
Suite 1500
50 South Sixth Street
Minneapolis, MN 55402-1498
(612) 340-5675

U:\JRB\Vascular Solutions (Patent)\Pleadings\Answer and Counterclaim.doc