UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Diomed, Inc.,                                              Civil Action No. 04-10444 RGS

                    Plaintiff,

                                                          **FIRST AMENDED ANSWER AND**
v.                                                        **COUNTERCLAIMS**

Vascular Solutions, Inc.,

                    Defendant.


**ANSWER**

        Defendant Vascular Solutions, Inc. ("VSI") submits this First Amended Answer

and Counterclaims in response to the Complaint of Plaintiff Diomed, Inc. ("Diomed").

VSI admits, denies and alleges as follows:

        1.      VSI lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraph 1.

        2.      VSI admits the allegations of Paragraph 2.

        3-13.   VSI lacks knowledge or information sufficient to form a belief as to the

truth of the allegations of Paragraphs 3-13, which relate to Diomed's alleged activities

and the significance of those activities.

        14.     For its response to the allegations of Paragraph 14, VSI admits that it

competes with Diomed, but denies that it infringes Diomed's '777 Patent.

        15.     VSI admits the allegations of Paragraph 15.

        16.     VSI admits the allegations of Paragraph 16.

        17.     VSI admits that this Court has personal jurisdiction over VSI and that VSI

does business in this District, but denies the remaining allegations of Paragraph 17.

18.     VSI admits the allegations of Paragraph 18.

19.     VSI incorporates its answers to Paragraphs 1-18 as if fully set forth herein.

20.     For its response to the allegations of Paragraph 20, VSI admits that a copy

of the '777 Patent is attached as Exhibit A, and states that it lacks knowledge and

information sufficient to form a belief as to the truth of the remaining allegations of

Paragraph 20.

21.     VSI admits the allegations of Paragraph 21.

22.     VSI admits the allegations of Paragraph 22.

23.     VSI denies the allegations of Paragraph 23.

24.     VSI denies the allegations of Paragraph 24.

25.     VSI denies the allegations of Paragraph 25.

26.     VSI denies the allegations of Paragraph 26.

27.     VSI denies the allegations of Paragraph 27.

28.     VSI denies each and every allegation of Diomed's Complaint not otherwise

admitted or qualified herein.

### AFFIRMATIVE DEFENSES

29.     According to the records of the United States Patent Office, Endolaser,

LLC and Dr. Robert Min are the owners of the '777 Patent.  Endolaser should be added

as a necessary party under Fed. R. Civ. P. 19.

30.     One or more of the claims of Diomed's '777 Patent is invalid under the

provisions of 35 U.S.C. § 101 et seq. of the patent laws of the United States.

31.     During the prosecution of the '777 patent application from August 13, 1999

through June 4, 2002, the inventors and/or those associated with the filing and prosecution of the patent application committed inequitable conduct or fraud by knowingly withholding, and otherwise failing to bring to the attention of the U.S. Patent and Trademark Office, a 1989 paper by Dr. Ken Biegeleisen published in *Phlebologie* and entitled "Use of the venoscope for treatment of varicose veins." This paper referenced information that was material to patentability, thereby rendering the '777 patent unenforceable.

## COUNTERCLAIMS

1.      Counterclaim Plaintiff VSI is a Minnesota corporation with its principal place of business at 6464 Sycamore Court, Minneapolis, Minnesota.

2.      On information and belief, Counterclaim Defendant Diomed is a Delaware corporation with its principal place of business at One Dundee Park, Suite 5/6, Andover, Massachusetts 01810.

3.      This Court has jurisdiction over these Counterclaims pursuant to 28 U.S.C. §§ 2201, 1331, and 1338(a).

4.      Diomed alleges that it is the owner of all right, title and interest in U.S. Patent No. 6,398,777 that formerly belonged to Dr. Robert Min. Diomed further alleges that the '777 Patent's other owner, Endolaser, LLC, has granted Diomed an exclusive license to its interest in the '777 Patent, including the right to sue for infringement.

5.      Diomed's Complaint alleges that VSI is infringing the '777 Patent through sales of its Vari-Lase kit and other activities, as set forth in Diomed's Complaint in Paragraphs 21-24.

6.      There is an actual, justiciable controversy over whether VSI is infringing

the '777 Patent and whether the claims of the '777 Patent are invalid.

7.    VSI has not infringed the '777 Patent.

8.    One or more of the claims of the '777 Patent is invalid under the provisions

of 35 U.S.C. § 101 et seq.

9.    Furthermore, the '777 Patent is unenforceable for the reasons stated in

Paragraph 31.

## JURY DEMAND

VSI demands a jury trial on all claims asserted herein.

Wherefore, VSI respectfully requests that the Court grant the following relief:

1.    A judgment dismissing Diomed's Complaint with prejudice;

2.    A judgment declaring that VSI has not infringed the '777 Patent;

3.    A judgment declaring that the '777 Patent is invalid;

4.    A judgment declaring that the '777 Patent is unenforceable;

5.    A judgment awarding VSI its costs and reasonable attorneys' fees as

provided by law; and

6.    Such other and further relief as this Court may find just and proper.

Dated:  October 12, 2004           Respectfully submitted:

VASCULAR SOLUTIONS, INC.


By  /s/ J. Thomas Vitt
J. Thomas Vitt
Todd Trumpold
DORSEY & WHITNEY LLP
50 South Sixth Street, Ste. 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

 /s/ Eric R. Barber-Mingo
Steven L. Feldman (BBO # 162290)
Eric R. Barber-Mingo (BBO #564031)
RUBERTO, ISRAEL & WEINER, P.C.
100 North Washington Street
Boston, MA 02114
Telephone: (617) 742-4200