UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| DIOMED, INC., | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) |
| ANGIODYNAMICS, INC., | ) CIVIL ACTION NO.: 04-10019(RGS) |
| Defendant. | ) ) ) |
| AND | ) ) |
| ANGIODYNAMICS, INC., | ) ) |
| Counterclaim-Plaintiff, | ) ) |
| v. | ) ) |
| DIOMED, INC. AND ENDOLASER, LLC, | ) ) |
| Counterclaim-Defendants. | ) |
| DIOMED, INC., | ) ) |
| Plaintiff, | ) ) |
| v. | ) CIVIL ACTION NO.: 04-10444(RGS) |
| VASCULAR SOLUTIONS, INC., | ) ) ) |
| Defendant, | ) |

May 6, 2005

**DEFENDANT ANGIODYNAMICS, INC.'S SUPPLEMENTAL ANSWERS TO PLAINTIFF DIOMED'S FIRST AND SECOND SETS OF INTERROGATORIES TO DEFENDANT ANGIODYNAMICS, INC.**

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant AngioDynamics, Inc. ("AngioDynamics") submits these supplemental answers to Plaintiff Diomed, Inc.'s ("Diomed") First and Second Sets of Interrogatories. Defendant continues its investigation and answers only based on its present

sufficient for the Court to decide whether to grant or deny a motion for summary judgment" is vague, ambiguous, and calls for a legal conclusion.

**SUPPLEMENTAL ANSWER:** AngioDynamics further objects to Interrogatory No. 13 as premature and states that it may provide additional documents responsive to this point in its expert reports. Without waiving and subject to this and the foregoing objections, AngioDynamics states that documents and things providing updated information responsive to Interrogatory 13 have been produced to Diomed in pleadings and filings associated with the Markman Hearing in this case; and is also included at least in documents and things produced and identified to Diomed in previous correspondence including at least documents ANG 11145- ANG 11161, ANG 11184 – ANG 11194, ANG 26000-26012, ANG 26014-26022 and ANG 26093 – ANG 26103; the deposition testimony of Dr. Puglisi and the exhibits identified therein; the ENL-NAV 00072 - 00092; the Biegeleisen patent and paper; prior art or other documents produced or identified by Diomed; as well as in documents produced to Diomed on July 23, 2004, April 18, 2005 and/or in documents being produced to Diomed today, May 6, 2005.

<u>Interrogatory No: 14</u>     **State the basis for AngioDynamics' Fourth Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.**

**ANSWER:** AngioDynamics incorporates its General Objections set forth above as though fully set forth herein. AngioDynamics further objects to Interrogatory No. 14 on the grounds that it is premature in light of the Court-ordered Scheduling Order in this case. AngioDynamics also objects to Interrogatory No. 14 on the grounds that the phrase "in detail

13

sufficient for the Court to decide whether to grant or deny a motion for summary judgment" is vague, ambiguous, and calls for a legal conclusion.

**SUPPLEMENTAL ANSWER:** AngioDynamics further objects to Interrogatory No. 14 as premature and states that it may provide additional documents responsive to this point in its expert reports. Without waiving and subject to this and the foregoing objections, AngioDynamics states that documents and things providing updated information responsive to Interrogatory 14 have been produced to Diomed in pleadings and filings associated with the Markman Hearing in this case; and is also included at least in documents and things produced and identified to Diomed in previous correspondence including at least documents ANG 11145-ANG 11161, ANG 11184 – ANG 11194, ANG 26000-26012, ANG 26014-26022 and ANG 26093 – ANG 26103; the deposition testimony of Dr. Puglisi and the exhibits identified therein; the ENL-NAV 00072 - 00092; the Biegeleisen patent and paper; prior art or other documents produced or identified by Diomed; as well as in documents produced to Diomed on July 23, 2004, April 18, 2005 and/or in documents being produced to Diomed today, May 6, 2005.

**Interrogatory No. 15:** State the basis for AngioDynamics' Fifth Affirmative Defense, in detail sufficient for the Court to decide whether to grant or deny a motion for summary judgment thereon.

**ANSWER:** AngioDynamics incorporates its General Objections set forth above as though fully set forth herein. AngioDynamics further objects to Interrogatory No. 15 on the grounds that it is premature in light of the Court-ordered Scheduling Order in this case. AngioDynamics also objects to Interrogatory No. 15 on the grounds that the phrase "in detail

14

Dated: May 6, 2005

I hereby certify that a true copy
of the above document was served
upon the attorneys of record for
the Plaintiff and Counterclaim-
Defendants and attorneys for the Defendant in
the consolidated action by fax and regular mail
on May 6, 2005

*Seth M. Wilson*

DEFENDANT
ANGIODYNAMICS, INC.
BY ITS ATTORNEYS

By _____
MARK D. GIARRATANA
SETH M. WILSON (BBO# 640270)
McCarter & English, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103
(860) 275-6700
(860) 724-3397 (fax)
smwilson@mccarter.com
mgiarratana@mccarter.com
          -and-
RODNEY S. DOWELL (BBO # 620916)
Berman & Dowell
210 Commercial Street
Boston, MA 02109
(671) 723-9911
(617) 723-6688 (fax)
rdowell@bermandowell.com

HARTFORD: 639425.01