UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

---

DIOMED, INC.

          Plaintiff,

v.

VASCULAR SOLUTIONS, INC.

          Defendant.

and

DIOMED, INC.,

          Plaintiff,

v.

ANGIODYNAMICS, INC.,

          Defendant.

Civil File No. 04-CV-10444-(RGS)

Civil Action No. 04-CV-10019 (RGS)

---

## DEFENDANT'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT VASCULAR SOLUTIONS, INC.

**TO:** Plaintiff Diomed, Inc. and its attorneys Michael A. Albert, Wolf, Greenfield & Sacks, P.C., 600 Atlantic Avenue, Boston, Massachusetts 02210.

Pursuant to Rules 26 and 33 of the Federal Rules of Civil Procedure and the Local Rules of this Court, Defendant Vascular Solutions, Inc. ("VSI") submits these supplemental answers to Plaintiff's First Set of Interrogatories.

Defendant's investigation is ongoing and its answers are based on present knowledge and belief. VSI reserves the right to modify or supplement its responses if additional or different information is discovered at a later time.

**SUPPLEMENTAL RESPONSE:**     VSI further objects to Interrogatory

No. 15 on the grounds that it seeks the discovery of irrelevant information. The relevant

question is whether VSI actively induces physicians following its Vari-Lase procedure to

"deliberately put[] the uncoated tip of the fiber optic line in physical contact with the wall

of the blood vessel, which requires the drainage of blood and compression of the vein,"

and to "maintain[] the tip-interior surface in physical contact with the vessel wall while

laser energy is emitted to decrease the diameter of the blood vessel." VSI's recommended

procedure does not suggest or require these steps. VSI further states that, following its

recommended procedure, the laser emitting section of the laser fiber transmits laser

energy to the blood in the blood vessel. The laser emitting section is at the flat end of the

very tip of the fiber optic line. That laser emitting section will typically not be in physical

contact with the wall of the blood vessel during the emission of laser energy, but rather

will be located inside the vessel where the blood is located, because the physical

geometry of the sheath, the cladding, the blood, and the fiber will cause the laser emitting

section of the fiber to be in that location.

**INTERROGATORY NO. 16:**   **Identify all documents and things, including all Prior Art, that support your argument that one or more claims of the '777 patent is invalid.**

**RESPONSE:**     VSI incorporates its General Objections set forth above as

though fully set forth herein. Without waiving and subject to the foregoing objections,

VSI states that it will produce documents in response to Interrogatory 16 upon entry of a

suitable protective order.

**SUPPLEMENTAL RESPONSE:**        VSI further objects to Interrogatory 16 as premature and states that it will address the invalidity issue and identify Prior Art on which it plans to rely in its expert reports. Without waiving that objection, VSI states that it may rely on the following Prior Art: 1) the Puglisi article, videotape, and other documents identified as exhibits during Puglisi's recent deposition; 2) the Farley patent; and 3) the Biegeleisen article and patent.

**INTERROGATORY NO. 19:**    Identify, by date and location, all training programs you have provided with respect to Laser Vein Treatment, identify all individuals involved in and/or attending such programs, and identify all documents concerning such programs.

**RESPONSE:**        VSI incorporates its General Objections set forth above as though fully set forth herein.  VSI further objects to Interrogatory No. 19 on the grounds that its request for the identity of "all documents" is overly broad and unduly burdensome.  Without waiving and subject to the foregoing objections, VSI states that documents containing information responsive to Interrogatory 19 will be produced upon entry of a suitable protective order.

**SUPPLEMENTAL RESPONSE:**        Without waiving and subject to the foregoing objections, VSI states that at least documents VSI 022107-022109 contain information regarding VSI's training programs.  VSI further states that Deborah Neymark, Nancy Arnold, Tony Jakubowski and Lisa Rathpun (since 2005) have conducted training on behalf of VSI.

**INTERROGATORY NO. 22:**    Identify each person consulted in connection the with the preparation of responses to the foregoing interrogatories, and/or consulted in connection with this lawsuit in any way, and identify the subject matter discussed with each such person.

**RESPONSE:**    VSI incorporates its General Objections set forth above as though fully set forth herein.  VSI further objects to Interrogatory No. 22 to the extent that it seeks information protected from discovery by the attorney-client privilege and the work-product doctrine.  Without waiving and subject to the foregoing objections, VSI states that, in conjunction with counsel, Howard Root oversaw the preparation of the interrogatory responses and consulted with the following VSI employees:  Nancy Arnold, Mike Nagle, Deborah Neymark, and Tony Jakubowski.

**SUPPLEMENTAL RESPONSE:**    Without waiving and subject to the foregoing objections, VSI states that, in conjunction with counsel, Howard Root oversaw the preparation of the supplemental interrogatory responses.

Dated: May 6, 2004

DORSEY & WHITNEY LLP

By _____
    J. Thomas Vitt MN #0183817
    Todd R. Trumpold MN #0313890
50 South Sixth Street, Ste. 1500
Minneapolis, MN 55402-1498
Telephone:  (612) 340-2600

Steven L. Feldman (BBO #162290)
100 N. Washington St.
Boston, MA 02114
Telephone: (617) 742-4200

Attorneys for Defendant
Vascular Solutions, Inc.